IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Mary Catherine McKay, | : | |
| Plaintiff | : | Civil Action 2:11-cv-328 |
| v. | : | Judge Sargus |
| Commissioner of Social Security, | : | Magistrate Judge Abel |
| Defendant | : | |

**OPINION AND ORDER**

On April 18, 2011, Plaintiff Mary Catherine McKay filed this action pursuant to 42 U.S.C. §423, seeking review of the Commissioner's final decision denying her application for disability insurance benefits. On December 19, 2011, the Magistrate Judge issued a Report and Recommendation that the decision of the Commissioner of Social Security be affirmed. This matter is now before the Court pursuant to Plaintiff's objections (Doc. 18).

**Factual background**. Plaintiff claims that she became disabled in January 1998, at age 39, by bipolar disorder, herniated disc, depression, allergies, lacerated tendon in hand, chronic acute allergies, and deterioriated septum. She saw a psychiatrist, Dr. Byler, repeatedly from June 1998 until at least September 2009. After Plaintiff applied for disability benefits, Dr. Byler filled out a form mental residual functional capacity report. In it, he opined that Plaintiff had a marked impairment in her ability to accept instruction from or respond appropriately to

1

criticism from supervisors, to work in cooperation with or in proximity to others, to maintain attention and concentration for more than brief periods of time, to perform at production levels expected by most employers, to behave predictably, reliably, and in an emotionally stable manner, and to tolerate customer work pressures. Furthermore, she had a moderate impairment of her ability to respond appropriately to co-workers or peers, perform and complete work tasks at a consistent pace, process subjective information accurately and use appropriate judgment, and carry through instructions and complete tasks independently. Dr. Byler opined further that Plaintiff's condition was likely to deteriorate under employment stress.

**ALJ's Opinion**. The Magistrate Judge's Report and Recommendation correctly stated the standard of review applied to the findings of the Commissioner. In general, where such findings of fact are supported by reasonable evidence, the court will not disturb them, even if the evidence could support a contrary conclusion. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

The administrative law judge ("ALJ") found that Plaintiff had severe impairments of bipolar disorder, major depressive disorder, anxiety disorder, and back impairment. He concluded, however, that the record contained no basis for concluding that Plaintiff's ability to carry on activities of daily living was as minimal as she had alleged, and that she "actually functions fairly well". In his opinion, he determined that Plaintiff retained the ability to perform light work,

2

although limited to routine repetitive tasks with only incidental public contact and interaction with coworkers and supervisors on a superficial basis. Based upon the testimony of a vocational expert that a considerable number of jobs existed for a person matching these limitations, the ALJ found that Plaintiff was not disabled.

**Report and Recommendation**. On appeal to this court, Plaintiff argued that the ALJ erred in finding that she retained the ability to work on a sustained basis. She pointed to testimony that she had an unpredictable mixture of good and bad days, with bad days characterized by extreme stress and crippling depression. Plaintiff posited that the ALJ erred in determining that a person with such limitations could, whether or not she could obtain a job, sustain such employment. The Magistrate Judge found that substantial evidence existed to support the ALJ's findings that Plaintiff's testimony as to the limiting effects of her symptoms were not credible.

Plaintiff furthermore argued on appeal that the ALJ erred in failing to give controlling weight to the opinions of Dr. Byler, her long-time treating psychologist, instead giving weight to the opinions of Dr. Steiger, a state agency consultant. The Magistrate Judge found that much of the evidence which Plaintiff argued supported Dr. Byler's opinions as to the extent of her condition was not provided to the ALJ, and that substantial evidence in the record existed to support the ALJ's findings. The Magistrate Judge recommended that the decision of the ALJ be affirmed.

**Objections**. On objection, Plaintiff raises again the questions of her ability to work on a sustained basis and the ALJ's failure to give controlling weight to the

3

opinions of Dr. Byler. As to the first, Plaintiff argues:

> The ALJ's finding that the Plaintiff is able to work on a sustained basis is not supported by substantial evidence. The Magistrate Judge states, "The ALJ was not required to simply accept McKay's claims as to the severity and effects of her impairments". The Plaintiff does not ask the ALJ to simply accept the severity and effects of her impairments but rather requests the ALJ to look at the substantial evidence. The ALJ had agreed that the evidence shows the Plaintiff has a moderate restriction in concentration, persistence, and pace. This moderate restriction limits the claimant's ability to work on a sustained basis. However, the Magistrate Judge simply focuses solely on the Plaintiff's credibility instead of the substantial evidence at hand.

(Doc. 18 at 2-3.)

The evidence Plaintiff cited in her Statement of Errors to support her claim that cyclical episodes of depression would prevent her from sustaining employment was drawn from her own testimony. (Doc. 10 at 5-6.) The ALJ's finding that Plaintiff's condition and ability to sustain employment was not as severe as she had testified was a credibility determination. Plaintiff argues that it would be erroneous for an ALJ to conclude that a person as incapacitated as Plaintiff claims she is could sustain employment. However, as the Magistrate Judge stated, "[t]he ALJ was not required to simply accept McKay's claims as to the severity and effects of her impairments." The ALJ made a different determination as to Plaintiff's residual ability to sustain gainful employment, concluding that "[t]he claimant is not as limited as alleged and actually functions fairly well."[1] (R. 46.) This

---

[1] Plaintiff implicitly contends that the ALJ is bound by his determination that she has "moderate" difficulties in concentration, persistence or pace to conclude that she cannot sustain employment. The ALJ's identification of specific areas of

4

conclusion he supported with substantial evidence drawn from Dr. Steiger's opinion, as well as the extant treatment records of Dr. Byler. The Magistrate Judge's recommendation on this point is accordingly adopted.

Plaintiff's second argument on objection is that the ALJ improperly failed to give controlling weight to the opinions of Dr. Byler. As the Magistrate Judge found:

> The ALJ assessed the treatment evidence extant in the record, which consisted essentially of Plaintiff's visits to Dr. Byler between April 17, 2007 and September 1, 2009. He referred to Dr. Byler's notes that Plaintiff had periodically reported that her mood was good and she felt fine, and that she had been able to work. The ALJ concluded from this that Plaintiff's actual condition was not as limiting as she had testified, and that she "functions fairly well". Furthermore, he found that Dr. Byler's records (that portion of them in evidence) did not provide support for his restrictive September 1, 2009 form residual functional capacity questionnaire; the ALJ specifically cited Dr. Byler's notes that he had repeatedly encouraged Plaintiff to seek employment, and that he had flatly asked of Plaintiff whether she was trying to make out a case that she was disabled.

(Doc. 17 at 15.) The Magistrate Judge's finding was correct. The ALJ had a substantial basis upon which to find that Dr. Byler's mixed record of Plaintiff's treatment (which ranged from the days Plaintiff reported of extremely low mood

---

difficulty was for the purpose of determining whether Plaintiff satisfied the criteria of Listings 12.04 and 12.06, which require "marked" limitations. (R. 42.) Neither these listings, nor any other, lead inexorably to a determination that a claimant with "moderate" difficulties in concentration, persistence, or pace cannot work on a sustained basis.

An ALJ will adjudge whether a claimant is legally *unable* to work, not whether she may find it difficult to work. The administrative law judge here found that Plaintiff's difficulties were not so great as to preclude employment (although they did exclude her prior employment as an attorney and restrict her to light work with limited social interactions), and substantial evidence supported his determination.

5

and concentration to Dr. Byler's repeated efforts to encourage Plaintiff to seek employment) did not support the residual functional capacity questionnaire in which Dr. Byler opined that Plaintiff was incapable of working. Plaintiff also notes that the ALJ gave great weight to Dr. Steiger's opinions of moderate limitations, and that Dr. Steiger stated that she gave controlling weight to Dr. Byler's medical opinions.[2] (R. 243.) However, the ALJ is not bound by a transitive relation to thereby adopt Dr. Byler's conclusions *in toto*.

**Conclusions**. The Magistrate Judge correctly found that substantial evidence existed to support the ALJ's conclusions that Plaintiff was not disabled, and that the ALJ did not err in failing to give controlling weight to the residual functional capacity opinions of Dr. Byler. Accordingly, the Report and Recommendation (Doc. 17) is **ADOPTED**. The decision of the Commissioner of Social Security is **AFFIRMED**. The Clerk of Court is **ORDERED** to enter judgment for the defendant, and to close this case.

8-30-2012
DATE

EDMOND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff suggests that Dr. Steiger's opinion "was not significantly different" from that of Dr. Byler. Dr. Steiger, however, concluded that "[c]llmt appears capable of participating in simple and moderately complex work activities." (R. 243.) Dr. Byler, conversely, estimated that for six vocational areas of impairment, including ability to perform at production levels expected by most employers, Plaintiff had a level of impairment that "seriously affects ability to function in a work setting." (R. 299-300.)

6